IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 24-038 |
| v. | : | |
| | : | |
| ANDRE WILLLIAMS | : | |
| | : | |

**ORDER**

**AND NOW,** this **9th** day of **September 2024**, upon consideration of the Defendant's Amended Motion to Dismiss the Indictment (ECF No. 28), and the Government's Response in Opposition thereto (ECF No. 35), it is hereby **ORDERED** that the Defendant's Motion is **DENIED**.[1]

---

[1] The Defendant relies extensively on *Range v. Att'y Gen.*, the en banc Third Circuit decision which held that 18 U.S.C. § 922(g)(1), the felon-in-possession statute, was unconstitutional as applied to Bryan Range. 69 F.4th 96, 98 (3d Cir. 2023). The Third Circuit emphasized that their decision in *Range* was "narrow," which makes sense, as it was a civil case with particularly unique and compelling facts—the original crime was a false statement to obtain food stamps in in violation of Pennsylvania law (classified as a misdemeanor punishable by up to five years' imprisonment). *Id.* at 106. *Range* has since been vacated and remanded to the Third Circuit for further consideration without further instruction in light of *United States v. Rahimi*, 144 S. Ct. 1889 (2024). *Garland v. Range*, 144 S. Ct. 2706, 2707 (2024) (mem.).

The Supreme Court clarified in *Rahimi* that "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition. A court must ascertain whether the new law is 'relevantly similar' to laws that our tradition is understood to permit, 'apply[ing] faithfully the balance struck by the founding generation to modern circumstances.'" 144 S. Ct. 1889, 1898 (2024) (citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24, 26-31 (2022)).

Upon careful consideration of the requirement in *Rahimi* that the new law be "relevantly similar" to the laws of our history and tradition, this Court does not see a reason to depart from the historical analysis conducted in *Range* and the presumptive lawfulness of 18 U.S.C. § 922(g)(1). *Range* only spoke to "[Range's] situation, and not to those of murderers, thieves, sex offenders, domestic abusers, and the like." 69 F.4th at 110 (Ambro, J., concurring); *see also District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."); *Bruen*, 597 U.S. at 72 (Alito, J., concurring) (noting that the decision does not "disturb[] anything that [the Court] said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns"); *see also id.* at 80, 81 (Kavanaugh, J., concurring) (emphasizing

BY THE COURT:

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**

---

that "the Second Amendment allows a 'variety' of gun regulations," and *Bruen* did not "cast doubt on longstanding prohibitions on the possession of firearms by felons" (citations omitted)).

     Accordingly, this Court need not lay out an exhaustive analysis of the history and tradition of the firearm regulation as applied in this case because this case does not represent a case like *Range*; rather, this application of 18 U.S.C. § 922(g)(1) "fits within our Nation's history and tradition of disarming those persons who legislatures believed would, if armed, pose a threat to the orderly functioning of society." *Range*, 69 F.4th at 110 (Ambro, J., concurring). In this case, Defendant has a significant criminal history, including convictions for statutory sexual assault in 2016, aggravated assault in 2016 and 2009, and robbery – threat of immediate serious injury in 2014, and it is in the nation's history and tradition to disarm an individual like Defendant. Thus, the Court finds Defendant's indictment for possessing a firearm as a felon constitutional under U.S.C. § 922(g)(1).

     Finally, this Court does not find 18 U.S.C. § 922(g)(1) facially unconstitutional because the Defendant must show "that no set of circumstances exists under which the Act would be valid." *Rahimi*, 144 S. Ct. at 1898.